No. 13,315.

MRS. ANNA C. WEGMANN VS. PETER WEGMANN, DATIVE TUTOR IN SUCCESSION OF JOSEPH WEGMANN.

### SYLLABUS.

Where a natural tutrix has been destituted of the administration of the minors' estate and, thereafter, files a final account of her tutorship, which she asks to have homologated contradictorily with a dative tutor, appointed to the minors, who opposes the account, the amount in dispute is the difference between that admitted to be due to the minors and that claimed in their behalf.

APPEAL from the Civil District Court, Parish of Orleans.— *Rightor, J.*

*E. Howard McCaleb, Jr.,* for Plaintiff in Rules, Appellee.

*James B. Rosser, Jr.,* for Dative Tutor, Defendant in Rules, Appellant.

---

### ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

MONROE, J. Mrs. A. C. Wegmann, appellee, moves to dismiss an appeal taken by Peter Wegmann, dative tutor, appellant, upon the grounds, to-wit:

1. Partial acquiescence, by the appellant, and resulting want of jurisdiction in this court, *ratione materiae.*

2. Want of proper parties to the appeal.

There have been filed in this court, with the motion to dismiss and as proof of the partial acquiescence alleged, three documents, together with a certificate from the clerk of the District Court, to the effect that they were not included in the transcript of appeal, for the reason that they were filed after the rendition of the judgment appealed from.

It appears from the record that Mrs. A. C. Wegmann was the widow in community of Joseph Wegmann, deceased, and natural tutrix of her minor children, issue of the marriage; that, in this latter capacity, she administered the estate from 1893 to 1898, when she was destituted of the administrative tutorship, though allowed to retain the custody of the persons of the minors, and that Peter Wegmann was appointed dative tutor, for the administration of the property. Mrs. Wegmann, thereafter, filed a suit for a partition as between herself and the minors, and a judgment was rendered decreeing the partition, ordering a sale of property to effect the same, and referring the parties to a notary for its completion. She, subsequently, and before the completion of the partition, filed a final account of her tutorship, exhibiting a balance due to the minors of $7,627.71. This account was opposed by the dative tutor, on the grounds: (1) That in the matter of the sale of certain stock the accountant should be charged with $1,150.00, instead of $690, as appears on the account; (2) that certain disbursements, charged against the community and aggregating $623.80, should be disallowed, in so far as they affect the minors; (3) that the sum of $500.00, claimed by the accountant as paraphernalia, should not be allowed.

A few days prior to the filing of this account, Mrs. Wegmann had taken a rule to compel the tutor to allow, from the revenues of the minors, sufficient alimony for their support, and the opposition to the account and the rule for alimony were disposed of by the judge a quo, upon the same day, but by separate judgments. Application for appeals from both judgments was made, by means of one petition, and the appeals were granted by one order. The motion to dismiss, however, refers only to the appeal from the judgment on the opposition.

It seems to us that the only question which could be presented on this appeal is whether the tutrix, by reason of her gestion, owes the minors $7,627.71, as stated in the account, or whether she owes them $7,627.71, as increased by the amendments which they claim should be made to that account. But the total amount involved in these amend-

ments is only $1,583.80, so that, if the account should be amended as prayed for, and the minors should benefit thereby to the extent of the whole amount involved, the amount in dispute could not be more than $1,583.80, which is below that necessary to give this court jurisdiction. It will be observed that this is not a case of an account filed by an administratrix, exhibiting a fund for distribution, *in concurso.* It is simply a case of a tutrix who has been destituted, and who contradictorily with the dative tutor, appointed in her place, has filed a final account of her tutorship, which, being opposed on behalf of her wards, presents the question whether she owes them the amount acknowledged on the account, or the greater amount claimed for them, and the amount in dispute is the difference between the amount admitted to be due and the amount claimed.

Under these circumstances, we are of opinion that this court was without jurisdiction of the appeal originally, and that said appeal should have been taken to the Court of Appeal.

We think it proper to remark, that the documents which are relied on by the appellee, for the purpose of showing acquiescence, appear to be original documents, which were filed in the Civil District Court, and which have now been filed in the clerk's office of this court, at the instance of the counsel, in connection with the motion to dismiss. This is not a practice which we can approve, and whatever consideration properly certified copies of these documents might have been entitled to, if we had found it necessary to deal with that question, we should have felt constrained to decline to notice the originals, which, as we think, in the interest of an orderly administration of justice, should have been allowed to remain in, and should now be restored to, the court from which they were removed, and in which persons interested have the right to expect to find them.

For these reasons, it is ordered, adjudged, and decreed, that the appeal herein taken by Peter Wegmann, dative tutor, from the judgment rendered upon his opposition to the account filed by Mrs. A. M. Wegmann, as tutrix, be dismissed, without prejudice, however, to any right which the appellant may have to prosecute an appeal from such judgment to the Court of Appeal for the Parish of Orleans, the costs of the present appeal to be paid by the appellant.

Rehearing refused.